UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
ROSA RODRIGUEZ and EDWIN COLON,

                Plaintiff,

        - against -

STEPHEN G. SCHWED and ALYSSA
SCHEWED,

                Defendants.
--------------------------------------------------------

**ORDER REMANDING CASE
TO STATE COURT**

Case No. 16 CV 2393 (PKC)(RML)

PAMELA K. CHEN, United States District Judge:

On May 13, 2016, Defendants Stephen G. Schwed and Alyssa Schwed filed a Notice of Removal ("NOR") removing this action—in which Plaintiffs Rosa Rodriguez and Edwin Colon seek redress for injuries sustained in a December 2014 car accident—from the Supreme Court of the State of New York, Kings County to this Court. (Dkt. 1.) Defendants' stated basis for removal was diversity jurisdiction under 28 U.S.C. § 1332, which requires Defendants to establish that the amount in controversy is greater than $75,000. The sole fact that Defendants point to in support of satisfaction of this requirement, however, is that Plaintiffs have thus far refused to cap damages at $74,999.99. The Court finds that this is insufficient to establish that the amount in controversy has been met, and that it therefore lacks subject matter jurisdiction over this matter. Accordingly, for the reasons set forth below, this Court *sua sponte* REMANDS this case to State court.

## DISCUSSION

It is well-established that the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332. *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional

amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, 06-md-1789, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)). A district court has the power to remand a case *sua sponte* for lack of federal jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citations omitted).

Here, Defendants assert simply in their NOR that "on April 22, 2016, the undersigned contacted plaintiff[s'] counsel to advise that the defendants would file a Notice of Removal unless plaintiff[s'] would agree to cap damages at $74,999.99. To date, plaintiff[s'] counsel has not advised whether they would agree to cap damages." (NOR ¶ 7.) Courts in this Circuit have routinely held that a plaintiff's refusal to stipulate that it seeks damages below $75,000, without more, is insufficient to establish the amount in controversy required by the removal and diversity statutes. *See, e.g.*, *Valente v. Garrison From Harrison LLC*, No. 15-cv-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016); *Kum v. Walcott*, No. 12-cv-4608, 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012) (mere fact that plaintiff will not stipulate that damages do not exceed $75,000 "does not show, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied"); *Nogeura v. Bedard,* No. 15-cv-6522, 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011). In so holding, these courts have pointed out that even a plaintiff who is well aware that the damages recoverable in an action are less than $75,000 may have good reason to resist a stipulation capping damages, or to prefer federal court. Put differently, "a refusal to stipulate [to damages] or contest the notice of removal normally should not be accepted by the district court as establishing the jurisdictional amount because that might be viewed as tantamount

to allowing the parties to consent to removal jurisdiction." 14AA Wright, Miller, et al., Fed. Prac. & P. § 3702.1 (4th ed.).

Aside from Plaintiffs' refusal to stipulate to cap damages, the NOR points to no other facts that support an amount in controversy over $75,000. The Court notes that the State court Complaint references "severe and serious injuries" sustained by Plaintiffs, who were "required to seek and obtain medical care and attention." (Compl. ¶¶ 11, 18.) But neither the Complaint nor the NOR contains any further information specifying the exact nature and extent of Plaintiffs' injuries, or the treatment received, that would permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied. *See Noguera*, 2011 WL 5117598, at *3 (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages"); *Valente*, 2016 WL 126375, at *2 ("[B]oilerplate pleadings [regarding the severity of injuries sustained] do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction."). Accordingly, Defendants have failed to clearly allege that this action meets the threshold amount in controversy required to invoke this Court's diversity jurisdiction, and the Court therefore lacks federal subject matter jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, this case is REMANDED to New York State Supreme Court, Kings County, under Index No. 1841/2016, for lack of federal subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 7, 2016
Brooklyn, New York